UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
   TOWAN ALLEN,

                               **Plaintiff,**

      -against-                          1:15-cv-00173 (ALC)

                                         **OPINION AND ORDER**

   NEW YORK CITY HOUSING
   AUTHORITY,

                              **Defendant.**
------------------------------------------------------------x
**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* plaintiff Towan Allen filed this action against Defendant New York City Housing Authority ("NYCHA"). Defendant moves to dismiss under Fed. R. Civ. P. 8 ("Rule 8") and Fed. R. Civ. P. 12 ("Rule 12), and for injunctive relief precluding Plaintiff from filing any new actions against NYCHA in federal district courts in New York. For the reasons explained below, the Court GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(6) and DENIES Defendant's motion for injunctive relief.

## BACKGROUND

### A. Factual Allegations

The following facts are alleged in the complaint and are assumed to be true for the purposes of this motion.

Plaintiff resides in the Taft Houses, owned and operated by NYCHA. (Compl. 1, 5.) In 2007, mold appeared in Plaintiff's bathroom. (Id. 4.) In 2008, a person named "Bennie Allen" and NYCHA were parties to a civil suit in state court, in which the Civil Court of the City of New York ordered Bennie Allen to pay a portion of owed back rent, but also found that there

COPIES MAILED

1

was a breach of the warranty of habitability and ordered NYCHA to "correct the mold." (Id. 5.)[1] However, NYCHA "didn't clean [the mold] properly and the mold returns." (Id. 4.) Plaintiff suffers from asthma, pulmonary artery hypertension, and other health problems, and her doctors have advised her that she cannot be around mold. (Id.) Plaintiff has informed NYCHA of her doctors' opinions and has requested transfers, but NYCHA has not remedied the mold problem or granted Plaintiff a transfer. (Id.) Plaintiff asserts that the events giving rise to her claims occurred on December 4, 2014. (Id. 3.)

### B. Previous Litigation

Plaintiff has previously been involved in actions against NYCHA in both state and federal court. In addition to the case described above, in 2010, Plaintiff's husband sued NYCHA in this Court, raising various state and local law claims and alleging that NYCHA had violated the Fourteenth Amendment. Allen v. N.Y.C. Hous. Auth., No. 10 Civ. 168 (CM) (DF), 2012 WL 4794590, at *1 (S.D.N.Y. Sept. 11, 2012). Plaintiff's husband initially alleged "that Defendant, which operates the housing complex in which Plaintiff['s husband] lives, had failed to remove toxic mold in his apartment because of his race." Id. He later indicated he was abandoning his race discrimination claim and instead wished to amend his complaint to raise a claim under the Fourteenth Amendment under a theory of the state-created danger. Id., at *4. He also indicated a desire to add his wife, Plaintiff here, as a party to that case. Id., at *2. The Court ultimately adopted a Report and Recommendation by United States Magistrate Judge Debra Freeman, recommending that: (1) Plaintiff's husband's original race discrimination claims be deemed abandoned and be dismissed with prejudice; (2) Plaintiff's husband be denied leave to add his

---

[1] This decision, NYCHA-Taft v. Allen, CV-212148/08 (N.Y.C. Civ. Ct.), is not reported or available through New York State's electronic reporting system. However, Plaintiff included a copy of a portion of the decision in her complaint. The relationship between Bennie Allen and Plaintiff is unclear based on the materials in front of the Court.

2

proposed state-created danger claim, as such amendment would be futile; and (3) the Court decline to exercise supplemental jurisdiction over Plaintiff's husband's remaining state-law tort claims and those claims be dismissed without prejudice to Plaintiff's right, or Plaintiff's husband's right, to raise those claims in state court. Id. at *1.

Plaintiff and her husband next commenced an action against NYCHA in Civil Court, New York County, in 2012. The complaint asserted "violation of City, state + Federal law . . ." and alleged that NYCHA's failure to remedy the mold problem in their apartment had exacerbated Plaintiff's health problems.[2] (Exh. F, Mot. Dismiss.) This case was dismissed on September 16, 2014, following Plaintiff and her husband's failure to comply with discovery demands. (Exhs. G and H, Mot. Dismiss.)

Finally, Plaintiff commenced a suit against NYCHA in this Court on May 23, 2014, advancing essentially the same claims as in the present case. Allen v. N.Y.C. Hous. Auth., No. 14 Civ. 3993 (GHW) (S.D.N.Y.). However, Plaintiff failed to serve her complaint upon NYCHA, and so, pursuant to Fed. R. Civ. P. 4(m), her case was dismissed without prejudice against NYCHA on December 12, 2014. Id., ECF No. 9.

### C. Current Litigation

Plaintiff filed this action against NYCHA on January 9, 2015. She asserts that this Court has federal question jurisdiction over the action, under 28 U.S.C. § 1331. (Compl. 1.) She claims that NYCHA violated the Fourteenth Amendment, the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*,

---

[2] The filings related to this case, Allen v. N.Y.C. Hou. Auth., No. CV-031324-12/NY (N.Y.C. Civ. Ct.) were included by NYCHA as exhibits in its motion to dismiss and the Court takes judicial notice of them. They are not available through New York State's electronic reporting system.

3

and the Fair Housing Act, 42 U.S.C. § 3604, *et seq.* ("FHA"). (Compl. 1, 6.) She also brings a state law claim, alleging that NYCHA violated the New York State Human Rights Law.

Defendant moved to dismiss on June 9, 2015, on four grounds: res judicata, failure to state a cause of action, statute of limitations, and lack of subject-matter jurisdiction. (Mot. Dismiss 5.) Defendant also requested that the Court issue an injunction against new actions filed by Plaintiff against NYCHA in federal district courts, "in order to prevent further harassment of the Housing Authority by Plaintiff, who has a history of filing vexatious and repetitive actions based on the same alleged events." (Id.) Plaintiff was directed to respond by July 17, 2015, but on July 9, 2015, the Court received a letter from Plaintiff informing the Court that her medical conditions were preventing her from litigating the case and requesting that her spouse be permitted to seek legal help in her stead. (ECF No. 18.) The Court held a status conference and extended the deadline by which Plaintiff was to respond to November 2, 2015. (ECF No. 20.) As of January 21, 2016, the Court had not yet received a response from Plaintiff and issued an Order directing her to respond by February 18, 2016. (ECF No. 21.) The Order further warned Plaintiff that if the Court did not receive a response from Plaintiff, it would decide Defendant's motion to dismiss on the merits without Plaintiff's response. (ECF No. 21.) Having received no submission from Plaintiff, the Court now decides Defendant's motion.

## LEGAL STANDARD

### A. Rule 12(b)(1)

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."

4

Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). When resolving a motion to dismiss for lack of subject-matter jurisdiction, a district court may consider evidence outside the pleadings. Id. (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "The court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," id. (quoting Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks omitted), "but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted).

### B. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Id. For the purposes of a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678, 681 (citing Twombly, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon

which it rests." Port Dock & iStone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

"Dismissal under [Rule] 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000) (citing Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992)). The same is true "when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense." Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015) (quoting Staehr v. Hartford Fin. Servs. Grp., 547 F.3d 406, 425 (2d Cir. 2008)).

To decide a Rule 12(b)(6) motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). The Court may also consider "matters of which judicial notice may be taken." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). This includes documents filed in other courts. See World Wrestling Entm't, Inc. v. Jakks Pac. Inc., 425 F. Supp. 2d 484, 508 n. 16 (S.D.N.Y. 1999); see also Castellano v. JP Morgan Chase Bank, N.A., No. 13 Civ. 03390 (NSR), 2014 WL 988563, at *3 (S.D.N.Y. Mar. 13, 2014) (quoting Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983)) ("[F]ederal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.").

### C. Special Considerations

When presented with an unopposed motion to dismiss, the Court may not find for the moving party without reviewing the record and determining whether there is sufficient support for granting the motion. See Kinlaw v. Walsh, 10 Civ. 07539 (RMB) (JLC), 2012 WL 2548437, at *1 (S.D.N.Y. June 29, 2012); see also Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004) ("[C]ourts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law") (citation and internal quotation marks omitted). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." Edwards v. Horn, No. 10 Civ. 6194 (RJS), 2012 WL 760172, at *4 (quoting McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000)).

In cases brought by a *pro se* litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). Even so, the Court "cannot invent factual allegations that [the plaintiff] has not pled." Id.

### DISCUSSION

Defendant advances four grounds of dismissal for this claim: lack of subject-matter jurisdiction, res judicata, the relevant statutes of limitations, and failure to state a claim,.

### A. Subject-Matter Jurisdiction

Defendant argues that Plaintiff's complaint fails to establish that this court has subject-matter jurisdiction over her claims. Subject-matter jurisdiction is a threshold issue that must be

addressed prior to the merits. See, e.g., Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008).
"Congress has, pursuant to its authority under Article III of the Constitution, granted to district courts jurisdiction to hear cases in which there is a federal question . . ." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002) (citing U.S. Const. art. III, § 1; 28 U.S.C. § 1331 (granting jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States")). "Federal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)) (internal quotation marks omitted).

However, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002). Rather, the Court must ask "whether the cause of action alleged is *so patently without merit* as to justify the court's dismissal for want of jurisdiction." Id. (alteration marks omitted) (emphasis in original) (quoting Duke Power Co. v. Carolina Envtl. Study Grp., 438 U.S. 59, 70 (1978)) (internal quotation marks omitted); see also Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 629 n. 3 (2009) (internal quotation marks omitted) ("Federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."). This is, however, a "low bar," and it is not the case that "where pleadings do not state a claim, then *by definition they are jurisdictionally insubstantial*." Cent. Laborers' Pension Fund & Steamfitters Local 449 Pension Fund v. Dimon, No. 14-4516-CV, 2016 WL 66501, at *2 (2d

Cir. Jan. 6, 2016) (emphasis in original) (quoting Shapiro v. McManus, 136 S.Ct. 450, 455-56 (2015)).

Here, Plaintiff meets that low bar. She invokes federal question jurisdiction, alleging several federal causes of action, among them the ADA, the Rehabilitation Act, the FHAA, and the Fourteenth Amendment. (Compl. 1, 6.) While, as discussed below, these claims are not adequately pled, neither are they "patently without merit." Perpetual Secs. Inc., 290 F.3d at 137. Plaintiff is not basing jurisdiction on a claim brought under a federal statute that does not provide a private cause of action, see Antonetti v. City of New York, No. 13 Civ. 771 (NGG) (LB), 2014 WL 4161968, at *4 (E.D.N.Y. Aug. 19, 2014), nor is she basing it on a claim brought against an immune defendant. See Muldrow v. Carabetta Bros., Inc., No. 3:14-CV-01686 JAM, 2015 WL 3606344, at *2 (D. Conn. June 5, 2015). Her claims may be inadequately pled, but they are not foreclosed by prior decisions or completely devoid of merit. Therefore, the Court has subject-matter jurisdiction.

### B. Res Judicata and Statute of Limitations

NYCHA's res judicata and statute of limitations arguments are premised on its own assertion that the events underlying the complaint took place from 2007 to 2009. (Mot. Dismiss ¶ 25.) However, Plaintiff claims that the events underlying her complaint took place on December 4, 2014, slightly more than a month before her complaint was filed. (Compl. 3.)

Because the date alleged by Plaintiff postdates all prior litigation and falls within all relevant statutes of limitations, the Court could only dismiss the complaint on *res judicata* grounds or statute of limitations grounds if it accepted Defendant's timeline. See Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141 (2d Cir. 2005) (quoting Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 383 (2d Cir. 2003)) ("Claims arising subsequent to a prior

9

action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct"); see also Williams v. New York City Hous. Auth., No. 07 Civ. 7587 (RJS), 2009 WL 804137, at *5 (S.D.N.Y. Mar. 26, 2009) aff'd, 408 F. App'x 389 (2d Cir. 2010) (internal quotation marks and citations omitted) ("The statute of limitations for private causes of action under the [Fair Housing Act] is two years. . . . Claims under section 504 of the Rehabilitation Act and Title II of the ADA are governed by the applicable state statute of limitations for personal injury actions. In New York, personal injury claims must be filed within three years from the time the cause of action accrued.").

For the purposes of a motion to dismiss, the Court must accept all facts alleged by the Plaintiff as true. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). Therefore, the Court must accept that the events underlying her complaint took place on December 4, 2014, and so neither *res judicata* nor the applicable statutes of limitations bar Plaintiff's claims.

### C. Failure to State a Claim

While Plaintiff's complaint sufficiently establishes jurisdiction and is not barred by either *res judicata* or the statute of limitations, it does not sufficiently plead any of her claims. Plaintiff alleges violations of the Fourteenth Amendment, the ADA, Section 504 of the Rehabilitation Act, the FHA, and the New York State Human Rights Law. (Compl. 1, 6.) However, she fails to state legal or factual bases sufficient to render these claims facially plausible.

#### 1. Fourteenth Amendment

Plaintiff alleges that this Court has jurisdiction over her claims pursuant to the Fourteenth Amendment and "Equal Protection." (Compl. 1, 2.) Though Plaintiff does not include the

Fourteenth Amendment on her list of causes of action, the Court construes her complaint to bring a claim under the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause provides that "no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985) (quoting U.S. Const. amend. XIV) (internal quotation marks omitted). "To establish a constitutional violation under the Equal Protection Clause, plaintiffs must show that a state actor intentionally discriminated against them, either by adopting out of [discriminatory] animus policies which are facially neutral but have a . . . discriminatory effect, or by applying a facially neutral policy in a . . . discriminatory manner." Marchant v. New York City Bd. of Elections, 815 F. Supp. 2d 568, 580 (E.D.N.Y. 2011) (quoting Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 470 (2d Cir. 2006)) (internal quotation marks omitted). "To establish such intentional or purposeful discrimination, it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 193 (2d Cir. 1994).

Plaintiff has not done so here. Beyond her reference to the Fourteenth Amendment as grounds for jurisdiction, Plaintiff nowhere discusses this claim or any factual allegations underlying it. She does not identify the ground on which she believes NYCHA is discriminating against her, nor does she allege that similarly situated persons have been treated any differently or that NYCHA applied policies differently to her based upon her membership in any protected class. Plaintiff's sparse allegations do not contain factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock, 507

11

F.3d at 121 (citing Twombly, 550 U.S. at 555). Accordingly, her allegations are insufficient to state an equal protection claim.

### 2. Fair Housing Act, Americans with Disabilities Act, and Rehabilitation Act

Plaintiff likewise seeks to bring claims under the FHA, the ADA and the Rehabilitation Act, but fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rets." Twombly, 550 U.S. at 555.

The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter," 42 U.S.C. § 3604(f)(1)(A), or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. § 3604(f)(2)(A). Under the FHA, a "handicap" is "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Similarly, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of . . . a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. And Section 504 of the Rehabilitation Act "prohibits programs and activities receiving federal financial assistance from excluding, denying benefits to, or discriminating against 'otherwise qualified' " individuals with a disability. Disabled in Action v. Bd. of Elections in City of New York, 752 F.3d 189, 196 (2d Cir. 2014) (quoting McElwee v. Cnty. of Orange, 700 F.3d 635, 640 (2d Cir. 2012) (quoting 29 U.S.C. § 794(a))). "Because of similarities in the three statutes, intentional discrimination claims under the ADA, Rehabilitation Act, and FHA are considered in

tandem." Forziano v. Indep. Grp. Home Living Program, Inc., 613 F. App'x 15, 18 (2d Cir. 2015) (citing McElwee, 700 F.3d at 640); Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003)). The same is true for failure to accommodate claims brought under the three statutes. See Logan v. Matveevskii, 57 F. Supp. 3d 234, 253 (S.D.N.Y. 2014) (quoting Sinisgallo v. Town of Islip Hous. Auth., 865 F.Supp.2d 307, 337 (E.D.N.Y. 2012) ("[A]nalysis of a reasonable accommodation claim under the three statutes is treated the same.")).

From the face of Plaintiff's complaint, the nature of her claims and the grounds upon which they rest cannot be determined. Aside from alleging a continued mold problem and describing her health problems in a paragraph-long statement, and conclusorily asserting that she is disabled as defined by a laundry list of statutes and regulations, Plaintiff's complaint is completely devoid of any factual content. "Even under the most liberal construction of [P]laintiff's allegations, [s]he provides no facts that could possibly connect" any action taken— or not taken—by NYCHA to her alleged disability. Knowles v. Namdor Inc., No. 13 Civ. 3746 (KAM), 2013 WL 5887039, at *2 (E.D.N.Y. Oct. 31, 2013). At most, Plaintiff's complaint establishes that NYCHA was not timely or effective in its responses to her requests for mold removal and for a transfer. (Compl. 4.) These allegations do not amount to allegations of discrimination. While the Court does not wish to downplay Plaintiff's concerns and is mindful that Plaintiff is *pro se*, it also "cannot invent factual allegations that [the plaintiff] has not pled." Chavis, 618 F.3d at 170.

Because Plaintiff nowhere alleges facts that would support claims that NYCHA treated her the way it did "by reason of [her] disability," 42 U.S.C. § 12132, or "because of a handicap," 42 U.S.C. § 3604(f), her claims must be dismissed. In sum, her complaint does not "provide facts sufficient to allow . . . defendant to have a fair understanding of what the plaintiff is complaining

13

about and to know whether there is a legal basis for recovery for housing discrimination under the FHA, the ADA, or Section 504." Cain v. Rambert, No. 13 Civ. 5807 (MKB), 2013 WL 6194294, at *4 (E.D.N.Y. Nov. 26, 2013) (quoting Knowles, 2013 WL 5887039, at *2) (internal quotation marks omitted).

### 3. New York State Human Rights Law

Plaintiff also brings a claim under the New York State Human Rights Law. (Compl. 6.) In light of Plaintiff's failure to state a claim under any federal law, the Court declines to exercise supplemental jurisdiction over her state law claim. See 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.").

### D. NYCHA's Request for Injunctive Relief

NYCHA also moves for injunctive relief, requesting that this Court enjoin Plaintiff from filing further actions in the federal district courts of New York against NYCHA without first obtaining leave of the Court. "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). In determining whether or not to restrict a litigant's future access to the courts, the district court should consider:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id.

The Court denies NYCHA's request. As to the first Safir factor, while it is true that over the eight years, Plaintiff has been involved in at least three lawsuits in federal court and at least two in state court against NYCHA, the suits were not entirely duplicative or vexatious. As an initial matter, two of the suits were brought by individuals other than Plaintiff. In addition, the claims have not been identical: in the state court suits, Plaintiff did not allege civil rights claims, and in her husband's first federal suit, he alleged civil rights violations based on a theory of racial discrimination, rather than disability discrimination. And the suits have not all been frivolous. While her husband's federal suit and her most recent state suit were dismissed with prejudice, the first state suit, filed by Bennie Allen, in fact resulted in a decision ordering NYCHA to correct mold and plaster issues in the apartment. (Compl. 5.) Other Safir factors also weigh against injunctive relief. Plaintiff is *pro se*. While a sophisticated litigant could not be said to have had an objective good faith expectation of prevailing on the complaint filed here, a litigant in Plaintiff's position is unlikely to know pleading requirements or understand the potential preclusive effects of *res judicata*, especially as none of her previous suits had been disposed of on these grounds.

Considering all the factors, the Court is not prepared, at this point, to bar Plaintiff from bringing actions in any district court in New York against the landlord of the apartment that she continues to reside in.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims are dismissed without prejudice. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

**Dated:** February 19, 2016
New York, New York

**HON. ANDREW L. CARTER, JR.**
**United States District Judge**